UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

RICHARD R. CAPOZZA AND ANN M.
CAPOZZA,

                Plaintiffs**,**

        -vs-                        Civil Action No.: 5:20-cv-00406-TJM-TWD

THE AUTOMOBILE INSURANCE
COMPANY OF HARTFORD, CONNECTICUT,

                Defendant.
--------------------------------------------------------

## ANSWER AND AFFIRMATIVE DEFENSES

      Defendant, The Automobile Insurance Company of Hartford, Connecticut ("Travelers"),

by and through its attorneys, Keane & Associates, hereby answers the Complaint of the Plaintiffs,

Richard R. Capozza and Ann M. Capozza ("Plaintiffs") as follows:

      1.      As to the allegations of Paragraph 1, Travelers is without sufficient information to

form a belief and therefore leaves Plaintiffs to their proof.

      2.      As to the allegations of Paragraph 2, Travelers is without sufficient information to

form a belief and therefore leaves Plaintiffs to their proof.

      3.      It is admitted that Travelers issued a policy of insurance to Plaintiffs listing the

location of the residence premises as 2302 E Lake Road, Skaneateles, NY and bearing policy

number 934164996 663 1 with a policy period of 12/18/2017 to 12/18/2018 (the "Policy") subject

to the terms, conditions, exclusions and limitations set forth therein.

      4.      Admitted.

5.      It is admitted that Travelers issued the Policy which provided insurance coverage pursuant to the terms, conditions, exclusions and limitations set forth therein. To the extent further response is required, Plaintiffs are left to their proof.

6.      Admitted.

THE LOSS

7.      As to the allegations of Paragraph 7, Travelers is without sufficient information to form a belief and therefore leaves Plaintiffs to their proof.

8.      As to the allegations of Paragraph 8, Travelers is without sufficient information to form a belief and therefore leaves Plaintiffs to their proof.

INSURANCE

9.      It is admitted that Travelers issued the Policy which provided insurance coverage pursuant to the terms, conditions, exclusions and limitations set forth therein. To the extent further response is required, Plaintiffs are left to their proof.

10.      It is admitted that the Policy is attached. To the extent further response is required, Plaintiffs are left to their proof.

11.      It is admitted that Travelers issued the Policy which provided insurance coverage pursuant to the terms, conditions, exclusions and limitations set forth therein. To the extent further response is required, Plaintiffs are left to their proof.

12.      It is admitted that Travelers received premium payments with respect to the Policy. To the extent further response is required, Plaintiffs are left to their proof.

13.      It is admitted that Travelers has made payments to Plaintiffs totaling $198,138.59 with respect to a claim for damage that allegedly occurred on or about February 20, 2018 subject to the terms, conditions, exclusions and limitations of the Policy.

## AS AND FOR A FIRST CAUSE OF ACTION IN BREACH OF CONTRACT AGAINST TRAVELERS:

14. Travelers incorporates by reference its responses to the foregoing paragraphs as if set forth more fully herein.

15. Paragraph 15 contains conclusions of law to which no response is required. To the extent further response is required, Plaintiffs are left to their proof.

16. It is admitted that Travelers made payments to Plaintiffs for damage which allegedly occurred on February 20, 2018. The coverage available for the claimed damage is subject to the terms, conditions, limitations and exclusions as set forth in the Policy.

17. Denied.

18. Denied.

19. Paragraph 19 contains conclusions of law to which no response is required. To the extent further response is required, denied.

20. Denied.

## AS AND FOR A FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT AGAINST TRAVELERS:

21. Travelers incorporates by reference its responses to the foregoing paragraphs as if set forth more fully herein.

22. Paragraph 22 contains conclusions of law to which no response is required. To the extent further response is required, Travelers is without sufficient information to form a belief and therefore leaves Plaintiffs to their proof.

23. It is admitted that Travelers has certain coverage obligations under the Policy pursuant to the terms, conditions, limitations and exclusions set forth therein. To the extent further response is required, denied.

24. Denied.

3

25.    Denied.

26.    Denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs cannot sustain their burden of proof to establish that they sustained direct loss to property caused by a covered peril.

### SECOND AFFIRMATIVE DEFENSE

Travelers is not liable to Plaintiffs to the extent the terms, conditions, limitations and exclusions of the Policy apply to bar coverage for the subject claim.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lacks standing and/or an insurable interest to collect additional insurance proceeds to the extent the insured location has been sold.

### FOURTH AFFIRMATIVE DEFENSE

This action may be barred by the statute of limitations, by the applicable suit limitations period, by the equitable doctrine of laches, by the doctrine of estoppel, by the doctrine of unclean hands, and/or by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

This action is barred to the extent there has not been fully compliance with all of the terms under Section I of the Policy and/or the action was not started within two years after the date of loss.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or diminished to the extent that Plaintiffs failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs are entitled to coverage for the claimed loss or damage, that coverage is limited by the Policy's applicable limit and/or deductible(s).

## EIGHTH AFFIRMATIVE DEFENSE

The allegations within Plaintiffs' Complaint fail to set forth their claims with sufficient particularity to enable Travelers to determine all applicable affirmative defenses. Travelers therefore reserves its right to assert any additional defenses that may be applicable, to withdraw any defenses that are found to be inapplicable, and to more specifically assert affirmative defenses once the precise nature of the claims are ascertained through discovery and further investigation.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims as alleged are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to provide prompt notice of their claimed loss or damage.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to recover for damage caused by smog, rust or other corrosion, fungus, wet or dry rot, coverage is barred.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to recover for damage caused by mold, fungus or wet rot.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to recover for damage caused by release, discharge or dispersal of contaminants or pollutants, coverage is barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent any insureds concealed or misrepresented any material fact or circumstance relating to the Policy, there is no coverage available for that insured.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by accord and satisfaction.

## PRAYER FOR RELIEF

WHEREFORE, Travelers respectfully requests that this Honorable Court grant judgment as appropriate in its favor, as follows:

a.     Dismissing Plaintiffs' Complaint against Travelers with prejudice;

b.     Awarding Travelers its attorneys' fees;

c.     Awarding Travelers its costs and disbursements; and

d.     Awarding such other and further relief as this Court may deem just, proper and equitable.

Dated:  April 16, 2020

**KEANE & ASSOCIATES**

By: _____/s/Meg R. Reid_____
Meg. R. Reid
Tel: 917.778.6680
Fax: 844.571.3789
Email: mrreid@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:

6

485 Lexington Avenue, 6th Floor
New York NY 10017

*Attorneys for Defendant The Automobile
Insurance Company of Hartford,
Connecticut*

<u>CERTIFICATION OF SERVICE</u>

I hereby certified that on April 16, 2020 a copy of the foregoing **Answer and**

**Affirmative Defenses** was filed with the Clerk of the Court and served in accordance with the

Federal Rules of Civil Procedure, the Northern District's Local Rules, and the Northern

District's Rules on Electronic Service upon the following parties and participants via email:

      Martin A. Lynn, Esq.
      Lynn Law Firm, LLP
      750 M&T Bank Building
      101 South Salina Street
      Syracuse, NY 13202

        /s/Meg R. Reid
        Meg R. Reid